UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REFUGIO SANCHEZ,<br><br>    Petitioner,<br><br>v.<br><br>DAVID B. LONG, Warden,[1]<br><br>    Respondent. | No. 2:16-cv-2123-MCE-EFB P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding without counsel in this petition for writ of habeas corpus under 28 U.S.C. § 2254. Respondent moves to dismiss the petition as untimely and for failure to state a cognizable claim. ECF No. 11. As discussed below, the petition is untimely and must be dismissed.

**I.    Background**

Petitioner was convicted of vehicular manslaughter with gross negligence, willful flight causing death, driving under the influence with injury, and driving with a blood alcohol content more than .08 with injury. Documents Lodged ISO Resp.'s Motion to Dismiss (hereinafter "Lod.

---

[1] David B. Long, current warden of California City Correctional Facility (where petitioner is incarcerated), is hereby substituted as respondent. Rule 2(a), Rules Governing Section 2254 Cases in the U.S. District Courts; *Bittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) ("The proper respondent in a federal habeas corpus petition is the petitioner's immediate custodian.").

1

Docs."), Lod. Doc. 1. On July 31, 2006, he was sentenced to 30 years in prison. *Id.* Petitioner did not appeal the conviction or sentence. He did file three state petitions for writ of habeas corpus, beginning in 2015. Lod. Docs. 2-9.

**II.     The Limitations Period**

Under the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), a one-year limitations period for seeking federal habeas relief begins to run from the latest of: (1) the date the judgment became final on direct review or the expiration of the time for seeking such review (or April 25, 1996, if the judgment became final prior to AEDPA's enactment), (2) the date on which a state-created impediment to filing is removed, (3) the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review, or (4) the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D); *Malcom v. Payne*, 281 F.3d 951, 955 (9th Cir. 2002).

    **a.  Statutory Tolling**

No statute tolls the limitations period "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed . . .." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). However, if a petitioner properly files a state post-conviction application prior to the expiration of the limitations period, the period is tolled and remains tolled for the entire time that application is "pending." 28 U.S.C. § 2244(d)(2). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). In California, a properly filed post-conviction application is "pending" during the intervals between a lower court decision and the filing of a new petition in a higher court if the second petition was filed within a "reasonable time" after the denial of the first. *Carey v. Saffold*, 536 U.S. 214, 221 (2002); *Stancle v. Clay*, 692 F.3d 948, 956 (9th Cir. 2012); *see also Velasquez v. Kirkland*, 639 F.3d 964, 968 (9th Cir. 2011) (finding that delays of ninety-one days and eighty-one days are "far longer than the Supreme Court's thirty-to-sixty-day benchmark for California's 'reasonable time' requirement," and are, without adequate explanation, unreasonable under California law).

/////

2

A federal habeas application does not provide a basis for statutory tolling, *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), nor does a state petition filed after the federal limitations period has expired, *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

A petitioner may be entitled to statutory tolling for the time that additional rounds of state habeas petitions are pending (provided they were filed prior to the expiration of the limitations period), although the time between rounds is not tolled. *Cross v. Sisto*, 676 F.3d 1172, 1178-79 (9th Cir. 2012); *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010). For tolling to be applied based on a subsequent round, that subsequent set of petitions cannot be untimely or improperly successive. *Porter*, 620 F.3d at 958.

### b. Equitable Tolling

The limitations period may also be equitably tolled where a habeas petitioner establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631 (2010). Petitioner has the burden of showing facts entitling him to equitable tolling. *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). The threshold necessary to trigger equitable tolling is very high, "lest the exceptions swallow the rule." *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). Equitable tolling may be applied only where a petitioner shows that some external force caused the untimeliness. *Id*.

### c. The Equitable Exception for Innocence

In addition, the statute of limitations is subject to an actual innocence exception.[2] A petitioner may have her untimely filed case heard on the merits if she can persuade the district court that it is more likely than not that no reasonable juror would have convicted her. *McQuiggin v. Perkins*, __ U.S. __ , 133 S. Ct. 1924, 1928, 1933 (2013); *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc). "Unexplained delay in presenting new evidence bears on the

---

[2] This exception is also known variably as the "miscarriage of justice" exception and the "*Schlup* gateway," after *Schlup v. Delo*, 513 U.S. 298 (1995), in which the U.S. Supreme Court held that a habeas petitioner whose claims were procedurally barred could nevertheless obtain a determination on the merits of his petition if he made the requisite showing of actual innocence.

3

determination whether the petitioner has made the requisite showing." *McQuiggin*, 133 S. Ct. at 1935. For example, the "court may consider how the timing of the submission and the likely credibility of a petitioner's affiants bear on the probable reliability" of his evidence of innocence. *Id*.

### III. Analysis

Respondent moves to dismiss on the ground that the petition is untimely under AEDPA. As respondent points out, the limitations period began to run on September 29, 2006, the day on which petitioner's opportunity to seek direct review expired. 28 U.S.C. § 2244(d)(1)(A). Petitioner advances no reason for a later start-date under § 2244(d)(1)(B), (C), or (D). He does argues, however, that the limitations period did not begin until the California Supreme Court's decision in his third habeas petition, but the limitations period runs from the finality of the judgment of conviction, not any subsequent judgment in a state habeas case. Otherwise, § 2244(d)(2), which provides for tolling during pending state habeas cases, would be unnecessary.

Moreover, all of petitioner's state habeas petitions were filed well outside the federal limitations period, which expired on September 29, 2007. State petitions filed after the expiration of the federal limitations period cannot toll the limitations period. *Ferguson*, 321 F.3d at 823. Thus, this case presents no grounds for statutory tolling.

In addition, petitioner advances no equitable grounds under which this court could consider his untimely petition. Accordingly, the petition must be dismissed.[3]

### IV. Recommendation

As the petition is untimely, and petitioner has not presented facts that would justify tolling the limitations period or applying an exception thereto, it is RECOMMENDED that respondent's December 6, 2016 motion to dismiss (ECF No. 11) be granted and the Clerk be directed to close the case.

/////

---

[3] As the case must be dismissed as untimely, the court need not consider respondent's additional argument that the petition fails to raise a cognizable federal claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: August 30, 2017.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE